**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER ANTHONY TORRES, | No. 14-17417 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00932-ROS |
| v. | |
| RAY, named as Ofc Ray 6480; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted February 14, 2017[**]

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Christopher Anthony Torres, an Arizona state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force during an arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2014).  We affirm.

The district court properly granted summary judgment for defendants Trapp, Ray, and Blasko.  Torres failed to raise a genuine dispute of material fact as to whether these defendants' actions were objectively unreasonable under the totality of the circumstances.  *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (framework for analyzing an excessive force claim under the Fourth Amendment).  The undisputed facts demonstrate that defendants Trapp, Ray, and Blasko were aware that Torres was suspected of a violent crime earlier that day and Torres refused to surrender during an hours-long barricade situation in which defendants knew he had at least one weapon.  Torres also does not dispute that he moved his hand from underneath his torso after being hit with the projectile launchers.  Although Torres turned out to be unarmed, defendant Blasko did not know that at the time he deployed his Taser.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-17417